# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIANA BELL, | Case No. ED CV 16-0336 JCG |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*, | |
| Defendant. | |

Quiana Bell ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly discounted her credibility.[2] (S*ee* Joint Stipulation ("Joint Stip.") at 5-16.) For the reasons outlined below, the Court disagrees.

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d); (Joint Stip. at 1 n.1).

[2] This is Plaintiff's second challenge to the denial of her application. In her previous challenge, this Court agreed that the ALJ improperly discounted her credibility "based *solely* on a lack of objective findings." *Bell v. Colvin*, 2013 WL 6190291, at *1 (C.D. Cal. Nov. 26, 2013) (emphasis in

1

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least three valid reasons for finding Plaintiff's testimony "not entirely credible." (AR at 291.)

First, Plaintiff did not follow her prescribed course of treatment. (AR at 291); *see Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (noncompliance with a prescribed course of treatment is a relevant consideration in assessing a claimant's credibility); *Bubion v. Barnhart*, 224 F. App'x 601, 604 (9th Cir. 2007) (ALJ properly discounted claimant's credibility in part based on failure to follow doctor's recommendations). Specifically, Plaintiff was prescribed medications for pain, but urine samples repeatedly showed Plaintiff was not taking them.[3] (AR at 290-21, 687.)

Second, Plaintiff reported needing a cane, but she did not have a medical necessity for one.[4] (AR at 51-52, 223-26, 238, 240-41, 291, 315, 629, 633); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears

---

original); (AR at 30, 376-78). Following remand from this Court, the ALJ held another hearing and again denied benefits in a second decision that is at issue here. (*Id.* at 285-93, 375, 389.)

[3] Based on the urine testing, the treating physician "had no option but to discontinue prescribing controlled substances for [Plaintiff]" because he could not confirm that she was "actually taking her pain medications[.]" (AR at 687.)

[4] Plaintiff fails to discuss, or even acknowledge, this reason in the Joint Stipulation. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding).

2

less than candid"); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ properly discredited subjective testimony because claimant "used a cane at the hearing, although none of his doctors had ever indicated that he used or needed to use an assistive device in order to walk"); *Dominguez v. Colvin*, 2016 WL 4467881, at *2 (C.D. Cal. Aug. 23, 2016) (use of cane at examination that was not medically necessary supported credibility determination).

Third, the objective medical evidence contradicted Plaintiff's allegations that she was unable to work, had problems getting out of bed because of pain in her feet and right knee, had a bone-on-bone condition, and had other joint complaints.[5] (AR at 291, 314); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, are valid reasons for rejecting a claimant's testimony); *Lewis v. Astrue*, 238 F. App'x 300, 302 (9th Cir. 2007) (ALJ properly rejected claimant's credibility in part because objective evidence, including x-rays and normal motor strength findings, contradicted claimant's alleged limitations). Such medical evidence included: (1) an x-ray of Plaintiff's right knee that revealed only "mild degenerative changes with narrowing of the medial knee joint compartment" and "no sign of a joint effusion"; (2) x-rays of the lumbar spine, right hand, right wrist, and right ankle that revealed normal findings; (3) a consultative examination that showed normal range of motion in bilateral hips, knees, and ankles; (4) a neurological examination that similarly revealed grossly normal findings; and

---

[5] In light of the other reasons provided by the ALJ discussed above, the Court agrees with the Commissioner that Plaintiff mischaracterizes the decision by arguing that the ALJ (1) "once again" simply rejected the testimony because it lacked support in the objective medical evidence, and (2) "simply regurgitated the same flawed analysis which led to this Court's order of remand." (Joint Stip. at 5, 10, 17.) The ALJ's previous credibility determination, in its entirety, stated: "Although [Plaintiff's] alleged symptoms and limitations are not entirely supported by the objective medical evidence, the undersigned has considered them." (AR at 30). In the second decision, the ALJ dedicated a full paragraph to Plaintiff's credibility, including specific references to her testimony, the medical evidence of record, and other portions of the decision. (*Id*. at 291.) Contrary to Plaintiff's assertion, the ALJ's second decision is not "boilerplate." (Joint Stip. at 8 n.3, 9.)

(5) treatment notes that documented good range of motion, normal gait, and normal neurologic examination, despite right knee tenderness. (AR at 241, 265-270, 289-91, 626, 629-30, 633, 636-37, 644, 647, 651.)

Thus, the ALJ properly discounted Plaintiff's credibility.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: September 6, 2017

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*